prehend the failure to file the certificate does not enlarge the liability of the defendant. This part of the statute is directory, and is for the purpose of furnishing proof of compliance with the law to the officer of the board of health desiring to inspect it. Section 167. The essence of the statute is the issuing of the certificate, not its filing in the office of the employer. Where there is a substantial compliance with the provisions of this act, the onus is upon the plaintiff, in the event of injury in the discharge of his service, to show the absence of contributory negligence, precisely the same as if the statute were not in force.

There are sections of the labor law which inhibit a child under the age of 15 years operating "an elevator in a factory" (section 79), or, when under 16 years, "operating or assisting in operating" dangerous machinery of any kind (section 81, c. 192, p. 353, Laws 1899). These inhibitions, however, apply to a factory, and the distinction between a mercantile establishment and a factory is clearly recognized and defined in the act. Laws 1897, p. 462, c. 415, § 2.

The judgment and order should be reversed, and a new trial ordered.

The judgment is reversed, and a new trial granted, on questions of law and fact, with costs to the appellant to abide the event. All concur.

---

(96 App. Div. 168.)

DIETER et al. v. TITLE GUARANTEE & TRUST CO. et al.

(Supreme Court, Appellate Division, First Department. July 13, 1904.)

1. CONTINUANCE—COUNSEL ENGAGED IN APPELLATE DIVISION.

A postponement of motion appearing as No. 46 on the motion calendar of the Special Term should be ·granted under the rules of the Appellate Division, counsel being actually engaged in the Appellate Division in a case standing No. 3 on the calendar thereof.

Appeal from Special Term, New York County.

Action by Annie F. Dieter, impleaded in the place of George H. Huntington, against the Title Guarantee & Trust Company and another. From an order reviving and continuing the action, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-LIN, PATTERSON, and O'BRIEN, JJ.

H. J. McCormick, for appellant.
W. B. Ewing, for respondents.

VAN BRUNT, P. J. It appears from the record in this case that this motion was brought before the court upon an order to show cause, which was served only the day before the return day, although it appears to have been granted two days prior to such service. Upon the return day the motion appeared as No. 46 on the motion calendar of the Special Term. On the same day the counsel for the appellant herein had a case upon the calendar of the Appellate Division which stood No. 3 thereon. Application was made to the court at Special Term for a postponement of the motion, as the

counsel was actually engaged in the Appellate Division. This application was denied, and the motion was thereupon granted by the court.

We think, under the rules of the Appellate Division, the appellant had a right to a postponement, and the denial thereof was error.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion remitted to the Special Term for hearing. All concur.

━━━━━━━━

(96 App. Div. 182.)

## SMYTH v. GRAECEN.

(Supreme Court, Appellate Division, First Department. July 13, 1904.)

1. DEMURRER—JUDGMENT—AMENDMENT.

   Where an order provided that a demurrer to the complaint should be overruled, with costs to the plaintiff, with leave to answer on payment of costs to be taxed, an interlocutory judgment providing that the demurrer be overruled, and judgment rendered in favor of plaintiff, "as prayed for in the complaint," with costs, was erroneous, and should be modified so as to provide that the demurrer be overruled, with costs, with leave to the defendant to answer on payment of costs within 20 days, and, in the event of his failure to do so, that final judgment be entered in accordance with the provisions of the Code of Civil Procedure applicable to such cases.

Appeal from Special Term, New York County.

Action by Caroline Smyth against Edward J. Graecen. From an order denying a motion to amend an interlocutory judgment, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Vincent P. Donihee, for appellant.

PATTERSON, J. The defendant appeals from an order denying a motion to amend an interlocutory judgment. The action was for breach of promise of marriage, and the defendant demurred to the complaint. The demurrer was overruled. The order directing interlocutory judgment recites as follows:

"Ordered and adjudged that the demurrer herein interposed be, and the same is hereby, overruled, with costs to the plaintiff, with leave to answer upon payment of costs to be taxed, and that interlocutory judgment be, and is hereby, entered accordingly."

After that a judgment was entered which provides as follows:

"Ordered and adjudged that the demurrer of the defendant herein interposed be, and the same is hereby, overruled, and judgment is hereby renderd in favor of the plaintiff and against said defendant, Edward J. Graecen, as prayed for in the complaint, with thirty-five ($35) dollars costs, with leave, however, to the said defendant, Edward J. Graecen, to answer the amended complaint herein upon payment of said costs."

The provision in the judgment respecting the entry of judgment as prayed for in the complaint is technically wrong. The judgment ought to be modified so that it shall provide that the demurrer is overruled, with costs, with leave to the defendant to answer upon payment of costs within 20 days, and, if he fails so to do, final judgment